U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 02 2009

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LAKE CHARLES HOUSING AUTHORITY | : | DOCKET NO. 07-1878 |
| VS. | : | JUDGE TRIMBLE |
| LANDMARK AMERICAN INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

### NOTICE OF INTENT TO DISMISS AND ORDER

Before the Court are two motions; (1) a motion for attorney fees (doc. #11) filed within a "Motion to Compel Rule 26 Initial Disclosures" and (2) "Landmark American Insurance Company's Motion for Involuntary Dismissal for Failure to Comply with Court Ordered Motion to Compel and Failure to Prosecute" (doc. #13) filed by defendant, Landmark American Insurance Company ("Landmark"). Landmark moves this Court for an Order of Dismissal of the claims asserted against it because the Lake Charles Housing Authority ("LCHA") has failed to comply with the Court's order (see electronic order #12 dated January 12, 2009) that it make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a), and because LCHA has failed to prosecute this case for a period in excess of six months.

### FACTUAL STATEMENT

LCHA filed the instant suit against Landmark, it insurer, to recover alleged lost income when its property was damaged as a result of wind from Hurricane Rita on September 24, 2005. Landmark compensated LCHA for lost income for a period of ten months, from September 24, 2005 until August 7, 2006. LCHA alleges that it is owed additional money from Landmark, because the

property was not fully repaired by August 7, 2006 due to LCHA's failure to receive grant money from FEMA.

The instant suit was filed on September 21, 2007 in state court and removed to federal court on November 8, 2007. Landmark answered on November 16, 2007. On July 10, 2008, pursuant to a scheduled telephone conference, the Magistrate Judge set the trial of this matter for June 1, 2009.[1] On January 19, 2009, Landmark filed a Motion to Compel Rule 26 Initial Disclosures.[2] Magistrate Kay granted the motion to compel on January 21, 2009 and ordered LCHA to make its Rule 26 Disclosures by the close of business on Friday, January 30, 2009. As of this date, LCHA has not complied with the order and has failed to prosecute the current lawsuit since July 10, 2008 when the matter was set for trial. Thus, Landmark seeks to have the lawsuit dismissed and further seeks attorney fees for being forced to file the motion to compel.

## LAW AND ANALYSIS

The Uniform District Court Rules, specifically, Local Civil Rule 41.3W provides the following:

> **LR41.3W Dismissal for Failure to Prosecute.**
> A civil action may be dismissed by the clerk of court or any judge of this court for lack of prosecution as follows:
>
> \*   \*   \*
>
> C. Where a cause has been pending six months without proceedings being taken within such period. This provision shall not apply if the cause is awaiting action by the court.
>
> Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and

---

[1] Doc. #10.

[2] Doc. #11.

plaintiff shall be allowed 10 calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the clerk may dismiss the civil action. If a timely response is filed, a district judge or magistrate judge may order additional time within which to take action, dismiss the civil action without prejudice or make any other appropriate order.

Dismissal under this rule shall be without prejudice unless delay has resulted in prejudice to an opposing party. The Order of Dismissal shall allow for reinstatement of the civil action within 30 days for good cause shown. . . .

Accordingly, it is

**ORDERED** that the motion to dismiss is **GRANTED** to the extent that LCHA has ten (10) days from the date of mailing of this order to file evidence of good cause for its failure to prosecute this action and for failure to comply with the Magistrate Order dated January 21, 2009.

**IT IS FURTHER ORDERED** that the motion for attorneys fees sought in the motion to compel is hereby **GRANTED** and Landmark shall file within ten (10) days of this order, a detailed summary of the attorney fees and expenses necessarily incurred to file the motion to compel the initial disclosures, and plaintiff shall have ten (10) days in which to respond to said summary, after which the Court shall fix the amount of sanctions to be assessed against plaintiff.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of March, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE